MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
AARON WAINSCOAT, Bar No. 218337
aaron.wainscoat@dlapiper.com
CARRIE L. WILLIAMSON, Bar No. 230873
Carrie.williamson@dlapiper.com
ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303
Telephone:    650.833.2000
Facsimile:    650.833.2001

Attorneys for Defendants,
SAMSUNG ELECTRONICS CO., LTD.
and SAMSUNG ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TECHNOLOGY PROPERTIES LIMITED LLC, PHOENIX DIGITAL SOLUTIONS LLC, and PATRIOT SCIENTIFIC CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | CASE NO.  3:CV-12-03877 VC (PSG)<br><br>**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") respond to each individually numbered paragraph in Plaintiffs Technology Properties Limited LLC, Phoenix Digital Solutions LLC, and Patriot Scientific Corporation's (collectively, "Plaintiffs") Complaint for Patent Infringement ("Complaint") as follows:

## PARTIES

1.  Samsung is without sufficient information or belief to admit or deny the allegations of paragraph 1 of the Complaint and, on that basis, denies them.

2.  Samsung is without sufficient information or belief to admit or deny the allegations of paragraph 2 of the Complaint and, on that basis, denies them.

3.  Samsung is without sufficient information or belief to admit or deny the allegations of paragraph 3 of the Complaint and, on that basis, denies them.

4.  Samsung admits that SEC is a corporation organized under the laws of Korea. SEC's address is 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea. Except as so admitted, Samsung denies the remaining allegations in paragraph 4 of the Complaint.

5.  Samsung admits that SEA is a corporation organized under the laws of the State of New York. Samsung's address is 85 Challenger Road, Ridgefield Park, NJ 07660. Except as so admitted, Samsung denies the remaining allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.  Samsung admits that this action arises under the patent laws of the United States, including 35 U.S.C. §§ 1 *et seq*. Samsung denies that it is in any way liable to Plaintiffs under these or any other claims.

7.  Samsung admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Samsung denies that it is in any way liable to Plaintiffs under these or any other claims.

1     8.     Samsung does not contest that, solely for the purposes of this specific action, it is subject to personal jurisdiction within the Northern District of California. Samsung otherwise denies the allegations of paragraph 8 of the Complaint.

    9.     Samsung does not contest that, solely for the purposes of this specific action, this is a proper venue within the Northern District of California. Samsung otherwise denies the allegations of paragraph 9 of the Complaint.

    10.     Samsung admits that this is an intellectual property action that is not subject to intradistrict assignment under Civil L.R. 3-2(c). Samsung denies that it is in any way liable to Plaintiffs under these or any other claims.

## THE ASSERTED PATENTS

    11.     Samsung admits that a document that appears to be a copy of U.S. Patent No. 5,440,749 is attached to the Complaint as Exhibit A. Samsung is without sufficient information or belief to admit or deny the remaining allegations of paragraph 11 of the Complaint and, on that basis, denies them.

    12.     Samsung is without sufficient information or belief to admit or deny the allegations of paragraph 12 of the Complaint and, on that basis, denies them.

    13.     Samsung is without sufficient information or belief to admit or deny the allegations of paragraph 13 of the Complaint and, on that basis, denies them.

    14.     Samsung admits that a document that appears to be a copy of U.S. Patent No. 5,530,890 is attached to the Complaint as Exhibit B. Samsung is without sufficient information or belief to admit or deny the remaining allegations of paragraph 14 of the Complaint and, on that basis, denies them.

    15.     Samsung is without sufficient information or belief to admit or deny the allegations of paragraph 15 of the Complaint and, on that basis, denies them.

    16.     Samsung is without sufficient information or belief to admit or deny the allegations of paragraph 16 of the Complaint and, on that basis, denies them.

    17.     Samsung admits that a document that appears to be a copy of U.S. Patent No. 5,809,336 is attached to the Complaint as Exhibit C. Samsung is without sufficient information

DLA Piper LLP (US)
East Palo Alto

-3-

Samsung's Answer to Complaint
Case No. CV-03877 (PSG)

1  or belief to admit or deny the remaining allegations of paragraph 17 of the Complaint and, on that
2  basis, denies them.

3     18.  Samsung is without sufficient information or belief to admit or deny the
4  allegations of paragraph 18 of the Complaint and, on that basis, denies them.

5     19.  Samsung is without sufficient information or belief to admit or deny the
6  allegations of paragraph 19 of the Complaint and, on that basis, denies them.

### COUNT I: ALLEGED INFRINGEMENT OF THE '749 PATENT

8     20.  Samsung repeats and incorporates herein by reference each and every response
9  contained in the foregoing paragraphs as if fully set forth herein.

10    21.  Samsung denies the allegations in paragraph 21 of the Complaint.
11    22.  Samsung denies the allegations in paragraph 22 of the Complaint.
12    23.  Samsung denies the allegations in paragraph 23 of the Complaint.

### COUNT II: ALLEGED INFRINGEMENT OF THE '890 PATENT

14    24.  Samsung repeats and incorporates herein by reference each and every response
15  contained in the foregoing paragraphs as if fully set forth herein.

16    25.  Samsung denies the allegations in paragraph 25 of the Complaint.
17    26.  Samsung denies the allegations in paragraph 26 of the Complaint.
18    27.  Samsung denies the allegations in paragraph 27 of the Complaint.

### COUNT III: ALLEGED INFRINGEMENT OF THE '336 PATENT

20    28.  Samsung repeats and incorporates herein by reference each and every response
21  contained in the foregoing paragraphs as if fully set forth herein.

22    29.  Samsung denies the allegations in paragraph 29 of the Complaint.
23    30.  SEC admits that it received a copy of the letter dated August 4, 2005. Except as so
24  admitted, Samsung denies the remaining allegations in paragraph 30 of the Complaint.
25    31.  Samsung denies the allegations in paragraph 31 of the Complaint.
26    32.  Samsung denies the allegations in paragraph 32 of the Complaint.
27    33.  Samsung denies the allegations in paragraph 33 of the Complaint.
28    34.  Samsung denies the allegations in paragraph 34 of the Complaint.

## PRAYER FOR RELIEF

35. The Prayer for Relief requires no response. To the extent any response is required, Samsung denies that the Plaintiffs should be granted any of the relief it requests.

## DEMAND FOR JURY TRIAL

36. The Demand For Jury Trial requires no answer.

## SAMSUNG'S DEFENSES

37. Samsung asserts the following defenses to Plaintiffs' claims for patent infringement. The assertion of an additional defense is not a concession that Samsung has the burden of proving the matter asserted.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

38. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

39. The '749, '890 and '336 patents are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, 112, and/or 116.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

40. Samsung does not and has not infringed any valid claim of the '749, '890 and '336 patents either directly, contributorily, by way of inducement, literally, and/or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

41. Plaintiffs' claims for damages for infringement of the '749, '890 and '336 patents are limited pursuant to 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE

### (Patent Marking)

42. Plaintiffs' claims for damages for infringement of the patents-in-suit are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

43. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application which resulted in the issuance of the patents-in-suit, Plaintiffs are estopped from claiming a construction of one or more claims of the '749, '890 and '336 patents that would cause any valid claim thereof to cover or include any product manufactured, used, sold, offered for sale, or imported by Samsung.

## SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy Other Than Injunctive Relief)

44. Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate and irreparable, and Plaintiffs have an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

45. On information and belief, Plaintiffs are precluded by the doctrine of laches from recovery of damages for any alleged infringement occurring prior to the filing of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel, Res Judicata and/or *Kessler* Doctrine)

46. Plaintiffs' claims against Samsung with respect to one or more of the '749, '890 and '336 patents are barred by collateral estoppel, res judicata and/or the *Kessler* Doctrine at least by virtue of U.S. International Trade Commission Inv. No. 337-TA-853.

///

///

///

///

# TENTH AFFIRMATIVE DEFENSE

## (Standing)

47. On information and belief, Plaintiffs lack standing to pursue claims for relief because, among other things, one of the inventors of the '749, '890 and '336 patents have challenged ownership of the '749, '890 and '336 patents.

# ELEVENTH AFFIRMATIVE DEFENSE

## (Unenforceability)

48. On information and belief, and prior to meaningful discovery, Plaintiffs' claims are barred in whole or in part pursuant to the doctrines of estoppel, fraud, waiver, implied waiver, unclean hands, express license, patent exhaustion, implied license and other equitable doctrines.

# TWELFTH AFFIRMATIVE DEFENSE

## (Intervening Rights)

49. Plaintiffs' claims for relief concerning the '749, '890 and '336 patents are barred, in whole or in part, by the doctrines of absolute and equitable intervening rights, 35 U.S.C. §§ 252 and 307.

# JURY DEMAND

Samsung demands a trial by jury on all claims and defenses so triable.

# PRAYER FOR RELIEF

WHEREFORE, Samsung prays for relief as follows:

a) That Plaintiffs take nothing by way of their Complaint;

b) Samsung be found not to infringe the '749, '890 and '336 patents;

c) That the '749, '890 and '336 patents be found invalid;

d) That the Court find this case exceptional and order Plaintiffs to pay Samsung its costs and attorneys' fees; and

e) That the Court grant such other relief as the Court deems just and proper under these circumstances.

| | | |
|---|---|---|
| 1 | Dated:  December 18, 2014 | DLA PIPER LLP (US) |
| 2 | | |
| 3 | | By: /s/ Aaron Wainscoat<br>    AARON WAINSCOAT |
| 4 | | Attorneys for Defendants<br>SAMSUNG ELECTRONICS CO., LTD.<br>and SAMSUNG ELECTRONICS |
| 5 | | AMERICA, INC. |