1 | MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
2 | AARON WAINSCOAT, Bar No. 218337
aaron.wainscoat@dlapiper.com
3 | ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
4 | DLA PIPER LLP (US)
2000 University Avenue
5 | East Palo Alto, CA 94303
Telephone: 650.833.2000
6 | Facsimile: 650.833.2001

7 | Attorneys for Defendants,
SAMSUNG ELECTRONICS CO., LTD.
8 | and SAMSUNG ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TECHNOLOGY PROPERTIES LIMITED LLC, PHOENIX DIGITAL SOLUTIONS LLC, and PATRIOT SCIENTIFIC CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | CASE NO. 3:12-CV-03877-VC (PSG)<br><br>**SAMSUNG ELECTRONICS CO., LTD.'S AND SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE INFRINGEMENT CONTENTIONS OR ALTERNATIVELY TO COMPEL SUPPLEMENTAL INFRINGEMENT CONTENTIONS**<br><br>DATE: July 21, 2015<br>TIME: 10:00 AM<br>PLACE: Courtroom 5<br>JUDGE: Hon. Paul S. Grewal |
|---|---|

**REDACTED VERSION
OF DOCUMENT SOUGHT TO BE SEALED**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 2
II. FACTUAL BACKGROUND ............................................................................................ 4
    A. Plaintiffs' Deficient Infringement Contentions ..................................................... 4
    B. The Parties' Meet And Confer Efforts .................................................................. 7
III. LEGAL STANDARD ....................................................................................................... 8
IV. ARGUMENT .................................................................................................................... 9
    A. The Infringement Contentions Are Deficient Under Patent L.R. 3-1 ..................... 9
        1. Plaintiffs Failed To Chart The Asserted Claims On Each Accused Product As Required By The Patent Local Rules ....................................... 9
        2. Plaintiffs' Assertions Based On "Information And Belief" And Alleged Knowledge Of One Skilled In The Art Are Insufficient ............. 12
    B. The Infringement Contentions Improperly Accuse Products First Released After Expiration Of The '890 And '749 Patents ..................................................... 13
V. CONCLUSION ................................................................................................................. 14

# TABLE OF AUTHORITIES

**CASES** **Page**

*Ameranth, Inc. v. Pizza Hut, Inc.*,
  Nos. 12-cv-00729 et al., 2013 WL 3894880 (S.D. Cal. July 26, 2013) .............................. 9, 11

*Bender v. Freescale Semiconductor, Inc.*,
  No. C 09–1156 PHJ (MEJ), 2010 WL 1689465 (N.D. Cal. Apr. 26, 2010) .................... passim

*Bender v. Maxim Integrated Prods., Inc.*,
  C 09-01152 SI, 2010 WL 2991257 (N.D. Cal. July 29, 2010) ............................................... 13

*CSR Tech. Inc. v. Freescale Semiconductor, Inc.*,
  No. C–12–02619 RS (JSC), 2013 WL 503077 (N.D. Cal. Feb. 8, 2013) ............................... 12

*InterTrust Techs. Corp. v. Microsoft Corp.*,
  No. C 01-1640-SBA, 2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) ....................................... 8

*Shared Memory Graphics LLC v. Apple, Inc.*,
  812 F. Supp. 2d 1022 (N.D. Cal. 2010) ............................................................................. 8, 13

*Silicon Labs., Inc. v. Cresta Tech. Corp.*,
  No. 5:14-cv-03227-PSG, 2015 WL 846679 (N.D. Cal. Feb. 25, 2015) ................... 8, 9, 10, 11

*Solannex, Inc. v. MiaSole, Inc.*,
  2013 WL 1701062 (N.D.Cal. April 18, 2013) .................................................................. 8, 12

*Theranos, Inc. v. Fuisz Pharma LLC*,
  11–CV–05236–YGR, 2012 WL 6000798 (N.D.Cal. Nov.30, 2012) ...................................... 12

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*,
  208 F.3d 981 (Fed. Cir. 2000) ................................................................................................. 8

**STATUTES**

35 U.S.C. § 271(1) ........................................................................................................................ 14

**OTHER AUTHORITIES**

L.R. 3-1 .................................................................................................................................. passim

## NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on July 21, 2015, at 10:00 AM, or as soon thereafter as counsel may be heard in Courtroom 5 of the above-titled court, located at 280 S. 1st St, San Jose, CA 95113, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") will and hereby does move the Court for an order striking Plaintiffs Technology Properties Limited LLC, Phoenix Digital Solutions LLC, and Patriot Scientific Corporation (collectively, "Plaintiffs") Patent L.R. 3-1 Disclosure Of Asserted Claims And Infringement Contentions or, in the alternative, an order compelling Plaintiffs to provide supplemental infringement contentions that comply with Patent Local Rule 3-1.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the accompanying declaration of Aaron Wainscoat, all pleadings, papers and records on file in this action, and such oral argument as may be presented at the hearing on this matter.

## STATEMENT OF RELIEF

Samsung seeks an order from the Court striking Plaintiffs' January 20, 2015, Disclosure of Asserted Claims and Infringement Contentions in their entirety for failure to comply with Patent Local Rule 3-1. In the alternative, and to the extent the Court permits Plaintiffs to serve supplemental infringement contentions, Samsung requests an order compelling amended contentions that: (a) are limited only to Samsung products previously identified in Table A.4 of Exhibit A to Plaintiffs' January 20 contentions that include one of the following processors: Qualcomm MSM7227, MSM8660 and MSM8960; Texas Instruments ("TI") OMAP4430, OMAP 4460, OMAP4470 and OMAP3621; or Samsung S3C6410; (b) require that Plaintiff comply with Patent Local Rule 3-1 by identifying specifically where each limitation of each asserted claim is found within each accused Samsung product, including, at a minimum, providing a separate claim chart for each of these eight accused microprocessors; (c) exclude any product for which Plaintiff does not have a good faith basis to believe was infringed in the United States during the life of the patent of which it is accused of infringing; and (d) confirm that all other products not containing these eight processors (whether identified in Table A.4 of Exhibit A

or otherwise) are excluded from the scope of this case for all purposes, including discovery, liability, damages and injunctive relief.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Disclosure of Asserted Claims and Infringement Contentions served on January 20, 2015 ("Infringement Contentions") fail to comply with Patent Local Rule 3-1 in numerous respects. The Patent Local Rules require, among other things, that Plaintiffs disclose how each of the accused Samsung products allegedly practices each element of each asserted claim of each asserted patent. Plaintiffs purport to satisfy this requirement through three claim charts (one for each of the three Patents-in-Suit), with each claim chart focusing not on the accused products themselves, but on microprocessors allegedly incorporated into each accused product. Remarkably, however, Plaintiffs' claim charts do not chart even a single microprocessor against all of the limitations of any one asserted claim, instead relying on different aspects of eight different microprocessors: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ collectively, the "Eight Processors"). For this reason alone, Plaintiffs' contentions are deficient and should be struck.

Plaintiffs' Infringement Contentions also include as an exhibit a 24-page list purporting to identify nearly 800 "accused" Samsung products spanning multiple product categories (Table A.4 to Exhibit A to the contentions). Plaintiffs allege "on information and belief" that the operation and implementation of the Eight Processors (none of which are fully and properly charted for any claim) are nevertheless "representative" of the operation of the processors incorporated in the nearly 800 "accused" Samsung products in Table A.4. Plaintiffs, however, fail to demonstrate how the products listed in Table A.4 share the same, or substantially the same, infringing qualities as those alleged for the Eight Processors referenced (incompletely) in the claim charts, as required by well-established authority. In this regard, many of the nearly 800 products in Table A.4 do not identify any microprocessor incorporated therein, and for those that do, many are not of the same model or even the same manufacturer as the eight so-called "representative" microprocessors.

Specifically, while the claim charts variously reference eight processor models manufactured by Qualcomm, TI and Samsung, Table A.4 lists products with microprocessors from Zoran, Motorola, Marvell, STMicroelectronics, ST-Ericsson and NVidia, as well as dozens of different models from Qualcomm, TI and Samsung that are never mentioned in the claim charts.

Plaintiffs' attempt to accuse all 800 products, predicated solely on a conclusory statement concerning Plaintiffs' "information and belief" that they are "representative of the operation" of the Eight Processors, does not begin to satisfy the requirements of Patent Local Rule 3-1. Plaintiffs had two and a half years since filing their complaint in July 2012 to develop their contentions, and ample publicly available sources exist from which Plaintiffs could have, and should have, relied upon in preparing their contentions. It is prejudicial to Samsung, and the judicial process, to allow Plaintiffs to materially amend their contentions at this time – seven months after the stay in this action was lifted, a month after Samsung's invalidity contentions were filed, and less than three months before the end of fact discovery.

While Samsung believes that Plaintiffs' Infringement Contentions are materially deficient as to any one product or accused instrumentality, and therefore should be struck in their entirety, to the extent the Court permits Plaintiffs to supplement their contentions any order compelling such supplementation should be limited to the Eight Processors (and products containing them) that are already identified as such in Table A.4. Such order should require Plaintiffs to fully, and separately, chart each of the Eight Processors against each asserted claim of each asserted patent, in accordance with Patent Local Rule 3-1, and should confirm that any processors (or products containing them) not so charted shall be deemed struck and no longer at issue in this case.

In addition to the two core deficiencies discussed above, Plaintiffs' Infringement Contentions also are inadequate because they purport to accuse <u>all</u> of the nearly 800 Samsung products of infringing <u>each</u> of the three Patents-in-Suit. However, as Plaintiffs are aware, the '749 and '890 patents expired long ago in 2012 and 2013, respectively. Many of the Samsung accused products listed in Table A.4 were first released in the United States long after the expiration of those patents and therefore should not be accused of infringing those patents in this case. Plaintiffs apparently made no effort, let alone a reasonable effort, to identify purported

accused products on a patent-by-patent basis taking into account at least the expiration of the '749 and '890 patents.

As explained in more detail below (and as apparent from even a cursory review of Plaintiffs' claim charts), Plaintiffs' Infringement Contentions fail to comply with the requirements of PLR 3-1, and should be struck.

## II. FACTUAL BACKGROUND

### A. Plaintiffs' Deficient Infringement Contentions

Plaintiffs filed this case against Samsung on July 24, 2012, alleging infringement of three patents: U.S. Patent Nos. 5,809,336 ("the '336 patent"), 5,440,749 ("the '749 patent") and 5,530,890 ("the '890 patent") (collectively, the "Patents-in-Suit"). Dkt. No. 1. The Court stayed this case pending the resolution of a co-pending U.S. International Trade Commission investigation filed by Plaintiffs against Samsung (and others) alleging a violation with respect to the '336 patent (Inv. No. 337-TA-853, the "853 Investigation"). Dkt. No. 12. The '749 and '890 patents were not at issue in the 853 Investigation. On September 6, 2013, the Administrative Law Judge issued an Initial Determination in the 853 Investigation finding that Samsung's products did not infringe the '336 patent. Dkt. No. 20 at 5-6. On February 19, 2014, the full Commission issued a notice affirming the ALJ's non-infringement findings, determining there was no violation by Samsung, and terminating the investigation. Plaintiffs did not appeal the Commission's final determination. In November 2014, the Court scheduled a case management conference for this case, during which it extended Plaintiffs' deadline to file its Rule 3-1 Infringement Contentions until January 20, 2015. Dkt. No. 22.

On January 20, 2015 – nearly two and a half years after filing its original complaint – Plaintiffs served their "Patent L.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions" ("Infringement Contentions"), in which Plaintiffs purport to accuse approximately 800 Samsung products of infringing all of the asserted claims of each of the '336, '749 and '890 patents. Declaration of Aaron Wainscoat in Support of Samsung's Motion To Strike Infringement Contentions Or Alternatively To Compel Supplemental Infringement Contentions

1  ("Wainscoat Decl.") ¶¶ 2-6, Exs. 1-5.[1]

2  Plaintiffs' Infringement Contentions consist of: (1) a short cover-pleading (Wainscoat
3  Decl., Ex. 1); (2) a separate attachment referred to as "Exhibit A" which purports to list accused
4  products from various different defendants, including Samsung (Wainscoat Decl., Ex. 2); and (3)
5  three Samsung claim charts (identified in the contentions as Exhibits E-1, E-2 and E-3), one for
6  each of the three Patents-in-Suit (Wainscoat Decl., Exs. 3-5).

7  • <u>Cover Pleading</u>: The cover pleading states that the three claim charts identify
8  "where each element of each asserted claim [] may be found within Samsung's Accused
9  Instrumentalities identified in Ex. A." Wainscoat Decl., Ex. 1 (Infr. Cont., at 7). The cover
10 pleading also states that "[t]he list of accused instrumentalities in this action includes those listed
11 in Ex. A, and all models thereof." *Id.* at 5. With respect to Samsung products identified in Table
12 A.4 of Exhibit A, there is no indication of which patents are asserted against which products.

13 • <u>Accused Products</u>: Exhibit A to Plaintiffs' Infringement Contentions contains
14 multiple tables identifying allegedly accused products, one table for each defendant in the related
15 cases filed by Plaintiffs in this District. For Samsung, Table A.4 in Exhibit A identifies
16 approximately 800 different Samsung products spanning numerous product categories, including
17 mobile phones, tablets, printers, cameras and home theater systems. Wainscoat Decl., Ex. 1 (Infr.
18 Cont., Ex. A at pp. 31-54). Table A.4 also identifies different categories of information for some,
19 but not all, of the Samsung products, including "Memory," "Processor," "CPU Core," and
20 "Instruction Set(s)." *Id.*

21 • <u>Claim Charts</u>: Exhibits E-1, E-2, and E-3 to Plaintiffs' Infringement Contentions
22 consist of three claim charts, one for each patent. Exhibit E-1, for example, is for the '336 patent,
23 and purports to apply to all products identified in Table A.4, and identifies the ███████
24 ███████████████ containing a ███████████ processor as "an example." Wainscoat
25 Decl., Ex. 3 (Infr. Cont., Ex. E-1 at p.1). None of the other 800 Samsung products from Table

---

[1] To minimize confusion, the exhibits offered in support of this Motion to Strike are identified by numbers (*e.g.*, Exs. 1, 2, 3, etc. and are attached to the accompanying Wainscoat Declaration), as the various exhibits attached to Plaintiffs' Infringement Contentions were assigned letters (*e.g.*, Exhibit A, E-1, E-2, etc.).

1  A.4 are mentioned in the chart. Plaintiffs include the following footnote purporting to provide a

2  basis for its designation of all other Samsung products as exemplary of the ▮▮▮▮

3  ▮▮▮▮ and/or ▮▮▮▮ processor:

[redacted block]

11 Wainscoat Decl., Ex. 3 (Infr. Cont., Ex. E-1) at 1. Notably, all statements within Plaintiffs'

12 Infringement Contentions regarding representativeness of accused products are made on

13 "information and belief" and are devoid of any facts supporting a representative product theory.

14 Further, while the chart indicates that the ▮▮▮▮

15 contains a ▮▮▮▮," it does not consistently chart the ▮▮▮▮ for

16 each limitation of the accused claims.[2] For example, in purporting to chart limitation 6.c of the

17 '336 patent, "an entire oscillator disposed upon said integrated circuit substrate . . . ," there is no

18 mention of the ▮▮▮▮, and Plaintiffs instead identify references only to the

19 ▮▮▮▮

20 ▮▮▮▮ processors. Wainscoat Decl., Ex. 3 (Infr. Cont., Ex. E-1) at 7-19.

21  Exhibits E-2 and E-3, which chart the '890 and '749 patents, respectively, suffer from the

22 same deficiencies as the '336 patent chart in that they too claim to be representative of all 800

23 Samsung accused products in a single footnote. Wainscoat Decl., Exs. 4-5 (Infr. Cont., Exs. E-2

24 at 1, E-3 at 1). Similarly, neither of these charts actually identifies alleged infringement by a

25 single product or instrumentality for each and every asserted claim limitation, instead relying

---

[2] The far-right column of Plaintiffs' claim charts assign shorthand notations to each of the distinct limitations of the asserted claims. For example, Claim 6 in chart E-1 is divided into eight separate limitations, which Plaintiffs have designated as limitations 6.a through 6.h.

1  upon bits and pieces from numerous different Qualcomm, Samsung and TI processors in a
2  piecemeal fashion. *Id.*

### B. The Parties' Meet And Confer Efforts

On March 10, 2015, Samsung sent a letter to Plaintiffs informing them of the deficiencies in their Infringement Contentions, offering to meet and confer, and requesting counsel's availability for discussion. Wainscoat Decl., ¶ 7, Ex. 6. On March 19, 2015, Plaintiffs sent a letter to Samsung in response, attempting to defend the adequacy of their contentions. Wainscoat Decl., ¶ 8, Ex. 7. Thereafter, on April 13, 2015, Samsung reiterated its objections to the adequacy of Plaintiffs' contentions in response to Plaintiffs Requests for Production of documents, in which Samsung: (a) generally objected to the definition of "Accused Products" for purposes of discovery on the ground that "PDS's Infringement Contentions fail to comply with the Patent Local Rules, and thus PDS, as the party with the burden of proof, has failed to adequately put Samsung on notice of which products infringe which asserted claims of the Patents-in-Suit" (*See* Wainscoat Decl., ¶ 9, Ex. 8 (General Obj. No. 9)) and, (b) specifically objected to each individual request on the ground that it " seeks discovery before PDS has served sufficient infringement contentions in this case and seeks information regarding Samsung products for which PDS has not met its burden to accuse in this case." *Id.* Given the fundamental nature of the dispute as it concerned the threshold inquiry regarding the scope of accused products, Samsung's response included an express statement of its willingness "to meet and confer with PDS to discuss Samsung's objections and to understand the scope of this request." *Id.*

Samsung did not receive any further response from Plaintiffs' counsel with respect to the dispute concerning infringement contentions or the scope of accused products for purposes of discovery until nearly a month later, on May 11, 2015, when Plaintiffs' *new* counsel requested to "start this meet and confer process." Wainscoat Decl., ¶ 10, Ex. 9. On May 22, 2015, the parties held a teleconference regarding Plaintiffs' discovery requests and the deficiencies in Plaintiffs' Infringement Contentions. Wainscoat Decl., ¶ 11. During the call, Plaintiffs' new counsel (which had substituted into the case on April 15) requested a copy of Samsung's original March

10 letter to review, and the parties agreed to schedule a follow-up teleconference the following week. *Id.* The parties held a further teleconference on May 28, 2015, but were not able to resolve their dispute during this teleconference, or during good faith efforts that ensued over the course of the next week. *Id.* As a result, Samsung notified Plaintiffs on June 8, 2015, that it considered the parties at an impasse with respect to the adequacy of Plaintiffs' Infringement Contentions and that Samsung would proceed to file a Motion to Strike (as previously discussed during the May 22 and May 28 teleconferences). *Id.*

### III.   LEGAL STANDARD

Patent Local Rule 3-1(c) states that a patentee must provide "[a] chart identifying *specifically where* each limitation of each asserted claim is found *within each Accused Instrumentality*." Patent L.R. 3-1(c) (emphasis added); *see Silicon Labs., Inc. v. Cresta Tech. Corp.*, No. 5:14-cv-03227-PSG, 2015 WL 846679, at *1 (N.D. Cal. Feb. 25, 2015); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010); *Bender v. Freescale Semiconductor, Inc.*, No. C 09–1156 PHJ (MEJ), 2010 WL 1689465, at *3 (N.D. Cal. Apr. 26, 2010). This rule was designed to "make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims" *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640-SBA, 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003). A plaintiff violates this rule where it fails to "provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics*, 812 F. Supp. 2d at 1025 (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). Moreover, a plaintiff cannot satisfy its Rule 3-1 obligations with "nothing more than a conclusion based 'on information and belief' that something exists or occurs." *Solannex, Inc. v. MiaSole, Inc.*, 2013 WL 1701062, at *3 (N.D. Cal. April 18, 2013).

As this Court has previously explained, in order to rely on a claim that one accused product is representative of another for purposes of Rule 3-1(c), a patentee must do more than state as much – it must state how. *Silicon Labs.*, 2015 WL 846679, at *1. Thus, while a party "can rely on representative products to meet its obligation," Rule 3-1 "requires Plaintiff to

1  articulate how the accused products share the same, or substantially the same, infringing

2  [qualities] with any other product or with the . . . 'representative' product[]." *Id.* (citing *Bender*,

3  2010 WL 1689465, at *3); *see also Ameranth, Inc. v. Pizza Hut, Inc.*, Nos. 12-cv-00729 et al.,

4  2013 WL 3894880, at *7 (S.D. Cal. July 26, 2013) ("While [the plaintiff] says it identified the

5  accused versions temporally, by their functional aspects or by their version names or numbers, it

6  must at least state how the accused previous versions are the same or reasonably similar to the

7  charted version, or else provide a separate chart for each version.").

8  **IV.   ARGUMENT**

9        **A.   The Infringement Contentions Are Deficient Under Patent L.R. 3-1**

10           **1.   Plaintiffs Failed To Chart The Asserted Claims On Each Accused Product As Required By The Patent Local Rules**

11 

12 Plaintiffs' Infringement Contentions plainly do not satisfy the Local Rule 3-1(c)

13 requirement to identify each claim limitation in each accused product. *See Silicon Labs.*, 2015

14 WL 846679, at *1; *Bender*, 2010 WL 1689465, at 3. Although Plaintiffs purport to accuse

15 approximately 800 different products, their Infringement Contentions fail to address any of the

16 products individually on a limitation-by-limitation basis. Instead, the Infringement Contentions

17 include a single claim chart for each patent that ████████████████████████████████

18 ████████████████████████████ Wainscoat Decl., Exs. 3-5 (Infr. Cont., Exs. E-1, E-2, E-3).

19 Further, while Plaintiffs have elected to focus their infringement contentions on the structure and

20 operation of the incorporated microprocessor (as the "accused instrumentality"), Plaintiffs have

21 not charted any one microprocessor against each limitation of each asserted claim. Instead,

22 Plaintiffs' identify different "exemplary" microprocessors which they cite to indiscriminately for

23 different claim limitations. The result is that Plaintiffs do not even chart a single microprocessor

24 against all of the limitations of any one asserted claim. In total, Plaintiffs' claim charts include

25 references to ████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████████

27 ████████████████████████████ and only mention one actual accused device, the ████

28 ████████████████████████████ out of the 800 products listed in Table A.4. By way of

1  example, claim 6 of the '336 patent has eight elements (designated by Plaintiffs in Claim Chart E-
2  1 as 6.a through 6.h).  Wainscoat Decl., Ex. 3.  Plaintiffs variously cite to ▮▮▮▮▮▮▮▮▮▮
3  ▮▮▮▮ for some, but not all, of the Eight Processors, and for some, but not all of the claim
4  limitations.  This does not comply with Rule 3-1.

5  While Plaintiffs have failed to provide adequate contentions even for the Eight Processors
6  that make guest appearances in the claim charts, Plaintiffs' attempt to accuse the nearly 800 other
7  Samsung products listed in Table A.4 under a "representative product" approach is even more
8  deficient.  In this regard, Plaintiffs simply state that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Wainscoat Decl. Exs. 3-5
11 (footnote 1 of each chart).  This is improper and deficient for three reasons:

12  <u>First</u>, the allegedly representative claim charts are themselves deficient, as discussed
13 above, because those charts do not chart any one microprocessor against each limitation of each
14 asserted claim.  Thus, it is impossible to use these charts to adequately analyze the
15 representativeness of any other product.

16  <u>Second</u>, Plaintiffs have not provided the required analysis to show ***how*** the products listed
17 in Table A.4 share the same, or substantially the same, allegedly infringing qualities as those
18 alleged for the Eight Processors that are referenced (albeit incompletely) in the claim charts.  It is
19 not enough to say such products are representative, a plaintiff mush show "how" they are
20 representative.  *See Silicon Labs.*, 2015 WL 846679, at *1; *Bender,* 2010 WL 964197, at *1-2.
21 For example, in *Silicon Labs*, the Court found that product briefs for the charted product in that
22 case (XC5000ACQ) consisted of a single die in a package, while the non-charted allegedly
23 represented product (XC5000CCQ) was comprised of two dies in the packaging.  *Silicon Labs.*,
24 2015 WL 846679, at *1.  This was deemed material as the Court noted that at least one claim
25 required "a single integrated circuit" and the Court reasoned that "the apparent structure of two
26 dies – or two circuits – is significant."  *Id.*  The same is true in this case.  By way of example
27 only, claim 1 of the '890 patent requires both a "main central processing unit" and "a separate
28 direct memory access central processing unit in a single integrated circuit…"  Wainscoat Decl.,

1   Ex. 4 (Exhibit E-2 at p. 1). Plaintiffs allege that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4   ▮▮▮▮ *Id*. However, it is clear from publicly available documents (of the sort already cited by

5   Plaintiffs in their contentions), that many of the allegedly represented products in Table A.4

6   contain only single core processors. For example, publicly available specifications available on

7   ARM's website clearly show that the ARM1176 Processor (which is identified throughout Table

8   A.4) has only a single core – as illustrated in the excerpt immediately below. *See* Wainscoat

9   Decl., ¶ 12, Ex. 10 at p. 2 (http://www.arm.com/products/processors/classic/arm11/arm1176.php).

| | ARM1176 |
|---|---|
| Architecture | ARMv6 |
| Dhrystone Performance | 1.25 DMPS/MHz |
| Multicore | No - Single core only |

15  Thus, TPL's infringement contentions do not establish that TPL has a reasonable chance

16  of succeeding in proving infringement of any product including only an ARM1176 Processor.

17  Like *Silicon Labs*, publicly available documents demonstrate "different structures that are

18  material to the infringement of at least one of the asserted claims." *Silicon Labs.*, 2015 WL

19  846679, at *1. This example illustrates why Plaintiffs cannot simply allege, on "information and

20  belief," that the nearly 800 Samsung products in Table A.4 are represented by the partial

21  examples sprinkled throughout the claim charts.

22  <u>Third</u>, the products listed in Table A.4 contain dozens of different makes and models of

23  processors. And while some of them are made by Qualcomm, TI and Samsung, that alone does

24  not render them "representative" of the two or three models identified in the claim charts. *See,*

25  *Bender*, 2010 WL 1689465; *Ameranth,* 2013 WL 3894880, at *7. Moreover, many of the

26  products in Table A.4 do not identify ***any*** processor whatsoever, and many more include

27  processors from manufacturers such as Zoran, Motorola, Marvell, STMicroelectronics, ST-

28  Ericsson and Nvidia – which are not mentioned anywhere in the claim charts. Having searched

1 for product information, and component information for these products, it was incumbent on
2 Plaintiffs to either chart all of these processors, or demonstrate how they are substantially similar
3 to the allegedly representative processors for purposes of each asserted claim. Plaintiffs failed to
4 do this, and it is simply too late and prejudicial at this stage of the litigation for them to do it now
5 for the first time.

### 2. Plaintiffs' Assertions Based On "Information And Belief" And Alleged Knowledge Of One Skilled In The Art Are Insufficient

Plaintiffs' Infringement Contentions also are deficient because they improperly rely on "information or belief" to establish specific claim limitations, rather than evidence. *See* Wainscoat Decl., Ex. 3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs also rely on "information and belief" to allege disparate products are similar. Wainscoat Decl., Ex. 4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Such unsupported allegations do not comply with Patent Local Rule 3-1. *See, e.g.*, *Solannex,* 2013 WL 1701062, at *3; *Theranos, Inc. v. Fuisz Pharma LLC*, 11–CV–05236–YGR, 2012 WL 6000798, at *3 (N.D.Cal. Nov.30, 2012) ("simply alleging 'on information and belief' and representing 'vague, conclusory, and confusing statements' does not satisfy the requirement that the identifications be 'as specific as possible.'"); *CSR Tech. Inc. v. Freescale Semiconductor, Inc.*, No. C–12–02619 RS (JSC), 2013 WL 503077, at *7-8 (N.D. Cal. Feb. 8, 2013).

In the meet and confer correspondence relating to this dispute, Plaintiffs' argued that Samsung's reliance on *CSR Technology Inc. v. Freescale Semiconductor, Inc.* is misplaced because Plaintiffs' "provided numerous citations to public ARM documents to support its contentions." Wainscoat Decl., Ex. 7. In support of this argument, Plaintiffs cite to *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, but that case is inapposite as it dealt with infringement allegations based upon "industry standards," such as 3G telecommunications. Case No. 12-cv-04967-WHA, 2013 WL 1878912, at *1 (N.D. Cal. May 3, 2013). Nowhere in Plaintiffs' Infringement Contentions do Plaintiffs allege that infringement is based upon the practice of an "industry standard," and therefore Plaintiffs' failure to adequately chart the

1   Samsung accused products is not excused on such grounds.

2   Similarly, Plaintiffs' Infringement Contentions conclude that certain claim elements are
3   present based on the understanding of one of ordinary skill in the art. Wainscoat Decl., Ex. 3
4   
5   Plaintiffs also cite to for conclusory statements about
6   general technology, instead of pointing to allegedly infringing features of the accused products.
7   Wainscoat Decl., Ex. 3 Simply concluding that a
8   person of ordinary skill in the art could locate the element does not "provide reasonable notice to
9   the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement'" and
10  does not comply with Local Patent Rule 3-1. *Shared Memory Graphics*, 812 F. Supp. 2d at 1025;
11  *Bender*, 2010 WL 1689465, at *4 ("[m]erely alluding to the fact that any electrical engineer
12  would understand the infringement contentions is not sufficient."). In short, Plaintiffs cannot
13  wait for discovery before complying with their obligations under Rule 3-1; they must perform an
14  analysis of information reasonably available to it, which may include reverse engineering, and
15  disclose what instrumentality in each individual accused product allegedly practices each
16  limitation of every asserted claim. *See Bender v. Maxim Integrated Prods., Inc.*, C 09-01152 SI,
17  2010 WL 2991257, at *2 (N.D. Cal. July 29, 2010). Plaintiffs have failed to do so and their
18  insufficient contentions should be stricken.

### B. The Infringement Contentions Improperly Accuse Products First Released After Expiration Of The '890 And '749 Patents

The '749 patent expired on August 8, 2012, and the '890 patent expired on June 25, 2013. *See* Dkt. No. 1, Exs. A, B. Yet Plaintiffs contend that every one of the nearly 800 products identified in Table A.4 is an "Accused Product" for each of the Patents-in-Suit. However, there are numerous Samsung products listed in Table A.4 that were released after the expiration of the '749 and '890 patents. By way of example only, Plaintiffs have accused the Samsung SMN910A Galaxy Note 4 LTE-A (Muscat). Wainscoat Decl., Ex. 2 at p. 48. However, publicly available information shows that this product was not released until October 2014, long after the expiration of both the '890 and '749 patents. Wainscoat Decl., ¶ 13, Ex. 11. Had Plaintiffs conducted a

1  good faith investigation, or separately identified which Samsung products were accused for each
2  asserted patent, they would have (and should have) easily identified numerous products that were
3  first released after the expiration of two of asserted patents.
4      Samsung raised this issue in its March 10, 2015, deficiency letter and requested that
5  Plaintiffs withdraw their '890 and '749 patent infringement contentions as to any Samsung
6  product first released in the United States after the expiration of these patents. Wainscoat Decl.,
7  Ex. 6. Notably, Plaintiffs did not (and cannot) dispute that they cannot assert infringement for
8  use that occurred after the '749 or '890 patents expired. 35 U.S.C. § 271(1) ("[W]hoever without
9  authority makes, uses, offers to sell, or sells any patented invention, within the United States or
10 imports into the United States any patented invention *during the term of the patent* therefor,
11 infringes the patent") (emphasis added). Instead, Plaintiffs attempted to shift the burden to
12 Samsung to identify which of the accused products post-dated the expiration of the patents.
13 Wainscoat Decl., Ex. 7. While Plaintiffs may not have perfect knowledge of the first date of any
14 use or sale in the United States, it is apparent that Plaintiffs made absolutely no effort to identify
15 allegedly infringing products on a patent-by-patent basis, which would have taken into account
16 the expiration of the '749 and '890 patent. It is improper to place this burden on Samsung in the
17 first instance after serving a 24-page laundry list of apparently every Samsung product Plaintiffs
18 could locate on the Internet. As noted above, Plaintiffs' list includes nearly 800 products, and as
19 Plaintiffs chose to accuse all of these products it was incumbent upon them to timely perform the
20 requisite diligence. They have failed to do so, and should not be allowed leave to do so now for
21 the first time in this case.

22 **V. CONCLUSION**

23     Plaintiffs' failure to comply with Rule 3-1 is clear, and in many cases inexcusable.
24 Plaintiffs had two and a half years to prepare their contentions, but chose to serve a single claim
25 chart for each asserted patent that fails to analyze any one product against each asserted claim.
26 Plaintiffs' charts also make a mockery of established guidelines for making "representative
27 product" allegations. Finally, Plaintiffs also had three months to seek leave to supplement these
28 contentions after having been put on notice of their clear deficiencies, but chose to do nothing.

For the reasons discussed herein, Samsung respectfully requests an order from the Court striking Plaintiffs' January 20, 2015, Disclosure of Asserted Claims and Infringement Contentions in their entirety for failure to comply with Patent Local Rule 3-1.

In the alternative, and to the extent the Court permits Plaintiffs to serve supplemental infringement contentions, Samsung requests an order compelling amended contentions that: (a) are limited only to Samsung products previously identified in Table A.4 of Exhibit A to Plaintiffs' January 20 contentions that include one of the following processors: Qualcomm MSM7227, MSM8660 and MSM8960; TI OMAP4430, OMAP 4460, OMAP4470 and OMAP3621; or Samsung S3C6410; (b) require Plaintiff to comply with Patent Local Rule 3-1 by identifying specifically where each limitation of each asserted claim is found within each accused Samsung product, including, at a minimum, providing a separate claim chart for each of these eight accused microprocessors; (c) exclude any product for which Plaintiff does not have a good faith basis to believe was infringed in the United States during the life of the patent which it is accused of infringing; and (d) confirm that all other products not containing one of the eight processors (whether identified in Table A.4 of Exhibit A or otherwise) are excluded from the scope of this case for all purposes, including discovery, liability, damages and injunctive relief.

Dated: June 9, 2015                                   DLA PIPER LLP (US)

By: */s/ Aaron Wainscoat*
MARK D. FOWLER
AARON WAINSCOAT
ERIK R. FUEHRER

Attorneys for Defendants
Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc.